UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN C. MARTINEZ,
    Plaintiff,

v.

OFFICER KEVIN MCCRAY,
    Defendant.

C. A. No. 17-325-JJM-PAS

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Before the Court is Defendant Kevin McCray's motion to dismiss the complaint that Juan Martinez filed against him. ECF No. 16. Mr. Martinez, acting *pro se*, sued Officer McCray for violating his due process rights under 42 U.S.C. § 1983. For the reasons set forth below, the Court grants Officer McCray's Motion to Dismiss.

### I. FACTS

Mr. Martinez is an inmate in the Maximum Security prison facility at the Rhode Island Adult Correctional Institution ("ACI"). Two incidents form the basis for Mr. Martinez's case: a broken television set and a stay in segregation. He claims that, while he was being moved to another cell, Officer McCray broke his television. Mr. Martinez filed a grievance with the Warden regarding his broken television set, which was denied. He also claims that Officer McCray wrongfully placed him in segregation for thirty-one days for spitting on another inmate. According to Mr. Martinez, this never occurred, and the inmate that was allegedly spat on confirmed to Officer McCray that Mr. Martinez did not spit on him.

Citing these two incidents, Mr. Martinez filed suit under 42 U.S.C. § 1983, alleging that Officer McCray violated his rights under the Fourteenth Amendment. Officer McCray moves to dismiss, arguing that neither rises to the level of a Due Process Clause violation.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts as true the factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A plaintiff's claim is plausible when it states sufficient facts that allow "the court to draw the reasonable inference that the defendant is liable." *Id.*

Further, a plaintiff's obligation "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A plaintiff must provide more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations." *Ashcroft*, 556 U.S. at 678. If the plaintiff's alleged facts, taken as true, would not justify recovery, the complaint will be properly dismissed. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

Since Mr. Martinez is *pro se*, the court must view his filings liberally and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

III. LEGAL ANALYSIS

For a successful action under 42 U.S.C. § 1983, a plaintiff "must establish that [she/he was] deprived of a right secured by the Constitution...and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999). A Section 1983 plaintiff must show "deprivation of a right, a causal connection between the actor and the deprivation, and the state action." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). In light of these elements, the Court will turn to the two incidents Mr. Martinez claims deprived him of his rights.

A. Television Set Claim

Mr. Martinez' allegation that Officer McCray broke his television set does not state a claim for which relief can be granted under § 1983. When taken in the light most favorable to Mr. Martinez, Officer McCray's actions, as alleged in the Complaint, are merely negligent as to Mr. Martinez' television set and "the Due Process Clause is simply not implicated by a *negligent* act...causing unintended loss of...property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Moreover, Mr. Martinez had access to and utilized a post-deprivation remedy at the ACI when he filed a grievance about his broken television with the Warden. So, even if the Court assumes that Officer McCray intentionally broke Mr. Martinez' television to deprive him of his property, "an unauthorized intentional deprivation of

3

property...does not constitute a violation of...Due Process...if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because the prison afforded Mr. Martinez a sufficient postdeprivation remedy for his loss, Mr. Martinez does not successfully claim a Due Process violation.

### B. Improper Segregation Claim

Mr. Martinez next claims that Officer McCray violated his due process rights by improperly placing him in disciplinary segregation. While prisoners are still entitled to many of their constitutional rights, "incarceration brings about the necessary withdrawal or limitation of many privileges and rights." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (quoting *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977)). The Due Process Clause is not implicated unless the punitive action taken "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Mr. Martinez was placed in disciplinary segregation for thirty-one days after allegedly spitting on another inmate. Even assuming that Mr. Martinez spent thirty-one days in segregation for something he did not do, the Court finds that he was not subjected to an "atypical" or "significant" hardship "in relation to the ordinary incidents of prison life." *See Sandin* at 484. "Disciplinary segregation, without more, does not afford defendant protected liberty interest that would entitle him to procedural protections of Due Process clause." *Id.* at 485-86. Therefore, Mr. Martinez' allegation of a constitutional violation stemming from his thirty-one days in segregation fails to state a claim.

4

## IV. CONCLUSION

In light of the foregoing, the Court finds that Mr. Martinez' complaint fails to state a claim upon which relief can be granted. Therefore, Officer McCray's motion to dismiss (ECF No. 16) is GRANTED.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

October 13, 2017